KURT HEYMAN, Appellant, *v.* HAGOP KEVORKIAN and KEVORKIAN, INC., Respondents.

KEVORKIAN, INC., Respondent, *v.* KURT HEYMAN, Appellant.

First Department, November 12, 1920.

**Liens — loan of money to corporation — lender not entitled to lien — Personal Property Law, section 45, construed — injunction restraining lender from posting notices of lien and restraining borrower from interfering with such notices.**

The manager of a corporation who loans money to it evidenced by a promissory note which was agreed to be a " first lien on the entire assets of the corporation " does not have a lien under section 45 of the Personal Property Law relating to notices of liens upon merchandise or the proceeds thereof to secure loans or advances.

Section 45 of the Personal Property Law is limited to merchandise and is an extension of the statute relating to liens in favor of factors and others who

may enter into agreements to make loans or advances on merchandise or the proceeds thereof, whether the merchandise to be covered by the lien is or is not in existence at the time of the creation of the lien.

Hence, a motion by the borrower to restrain the lender from posting notices of a lien claimed under section 45 of the Personal Property Law was properly granted, and a motion by the lender to enjoin the borrower from interfering with such notices was properly denied.

APPEAL by the plaintiff, Kurt Heyman, in the first entitled action, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of September, 1920, denying plaintiff's motion to continue an injunction *pendente lite*, and vacating, dissolving and annulling the temporary injunction heretofore granted.

Appeal by the defendant, Kurt Heyman, in the second entitled action, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of September, 1920, granting plaintiff's motion to continue an injunction *pendente lite* and awarding plaintiff an injunction and other relief.

*Hugh M. Hewson* of counsel [*Hewson & Durkin*, attorneys], for the appellant.

*Edward B. Levy* of counsel [*Monroe J. Cahn* with him on the brief], for the respondents.

GREENBAUM, J.:

These are appeals from orders in two separate actions between the same parties involving the same subject-matter, one of which denied injunctive relief to the plaintiff in that action and the other granted an injunction *pendente lite* to the plaintiff who was the defendant in the other action.

In the latter action, Kevorkian, Inc., seeks to restrain Heyman from posting notices of a lien claimed under section 45 of the Personal Property Law (as added by Laws of 1911, chap. 326), and in the other action Heyman seeks to enjoin Kevorkian from removing such notices which Heyman had posted on the premises of Kevorkian, Inc. Both appeals may be considered together.

The facts are comparatively simple. Heyman was by an

agreement set forth in Exhibit " A," annexed to the plaintiff Heyman's complaint, engaged as assistant manager of the Kevorkian Corporation.

Paragraph IV of the agreement reads as follows: " Kurt Heyman hereby agrees to lend the corporation the sum of Twenty-five thousand ($25,000) dollars on or before October 15th, 1919, said obligation to be evidenced by a promissory note duly executed by the officers of the corporation, said note is to run until January 10th, 1921, and is to bear interest at 6% per annum and is to be a first lien on the entire assets of the corporation."

The note was duly made and delivered to Heyman on November 7, 1919.

Heyman remained in the employ of Kevorkian, Inc., until June 2, 1920. During the time of his employment there had been no posting of notices of Heyman's lien, nor any reference made to such a procedure by either of the parties. On July 27, 1920, Heyman filed notice of his lien in the manner prescribed in section 45 of the Personal Property Law and went upon the premises of Kevorkian, Inc., and posted notices, in the nature of signs announcing his lien, without the consent of the Kevorkian Company and which notices the latter caused to be removed. Thereupon Heyman secured a temporary injunction restraining the company from interfering with these posted notices or signs.

Heyman bases his right to a mandatory injunction upon the ground that he had a lien under section 45 of the Personal Property Law which entitled him to put up signs containing the notices therein described.

A reading of section 45 of the Personal Property Law clearly shows that appellant had no lien thereunder. Section 45 is limited to merchandise and is an extension of the Lien Law in favor of factors and others who may enter into agreements to make loans or advances on merchandise or the proceeds thereof, whether the merchandise to be covered by the lien is or is not in existence at the time of the creation of the lien. The agreement between Heyman and Kevorkian did not refer to the lien as made upon the security of merchandise, and it gives no indication that the parties intended that Heyman should have a lien under section 45 of the Personal

Property Law. It merely states that the obligation is to be a "first lien on the entire assets" of the defendant, which doubtless included merchandise as a part of the assets. Precisely what was meant by a "first lien upon the entire assets" we are not now called upon to decide.

Heyman's motion for injunction was properly denied and Kevorkian's motion was properly granted. Each of the orders appealed from is affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

In each case: Order affirmed, with ten dollars costs and disbursements.